IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOCELYN R. LORENZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21 CV 05543 |
| | ) | |
| STATE OF ILLINOIS DEPARTMENT | ) | Honorable Charles P. Kocoras, |
| OF HUMAN SERVICES, | ) | Magistrate Judge Heather K. McShain |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## SECOND AMENDED COMPLAINT

**COMES NOW** before this Honorable Court your plaintiff, **JOCELYN R. LORENZO** ("Lorenzo"), by and through Gregory A. Bedell of Knabe & Bedell, her attorney, and for her amended complaint against defendant **STATE OF ILLINOIS DEPARTMENT OF HUMAN SERVICES** ("DHS" or "Defendant") states as follows:

## VENUE AND JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3), as Lorenzo's claims are based on Title VII of the Civil Rights Act, 42 U.S.C. §2000e. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to this action are harming Lorenzo in this District.

## PARTIES

2. Lorenzo is an individual residing in, and a citizen of, the State of Illinois, County of

1

Cook.

3. Defendant DHS is a department of the executive branch of the State of Illinois, created by statute, 20 ILCS 5/5-15.

## GENERAL FACTUAL ALLEGATIONS

4. Born in the city of Manila, the Philippines, Lorenzo is of Asian descent. Lorenzo has become an American citizen.

5. Lorenzo holds a Bachelor of Science degree in nutrition. Lorenzo has been a public servant working for the DHS since 2018; most of her work has been as a mental health technician. Recently, as more fully explained below, Lorenzo has been transitioning to working as a security officer in DHS facilities, having completed the requisite written training; Lorenzo is currently a Security Trainee at the DHS's Madden Mental Health Center in Maywood, Illinois ("MMH").

6. Lorenzo began her career with DHS in its Elgin, Illinois facility, working there from 2018 until around August, 2020, when, as a single mother of three boys, the commute to Elgin proved too much; she then transferred to MMH.

7. MMH is physically and administratively separated by its buildings or "pavilions." When Lorenzo started at MMH the Defendant placed her as a "Mental Health Tech, I" in Pavilion 6; she later took and passed the exam to become a "Mental Health Tech, II." This job required Lorenzo to have direct contact with MMH patients, including helping with meals and activities and, generally, interacting with the patients to provide the needed human contact.

8. In Pavilion 6, Lorenzo was the only Filipino worker; the staff was predominantly African-Americans. Almost from the beginning of her tenure in Pavilion 6, Lorenzo was subject to a hostile and discriminatory work environment; Lorenzo was ostracized by the other staff on he

2

shifts; she was forced to do a disproportionate amount of work; and she was subjected verbal abuse.

9. In May, 2021, Lorenzo's situation went from bad to worse. One of Lorenzo's co-workers, "Ms. A," followed Lorenzo into the bathroom and kicked at the door of the stall Lorenzo was using; the co-worker also yelled curses at her, calling her among other things an "f------ bitch;" Ms. A's tirade continued in front of co-workers and patients in the Dayroom. Lorenzo was devastated by the event and, as a result, filed an incident report with MMH's Chief of Security; Lorenzo ultimately filed a formal complaint with the Defendant.

10. About two weeks later, rather than address the perpetrator of the bathroom incident, Lorenzo's direct supervisor and the Director of Nursing for Pavilion 6 called Lorenzo into a conference room where they berated her for creating trouble for Ms. A; they demanded that Lorenzo withdraw the incident report and threatened Lorenzo with insubordination if she refused. In the face of her supervisors' threats and intimidation, Lorenzo refused to withdraw her complaint against Ms. A. Lorenzo is informed and believes that her supervisors ganged up against her because they are friends and socialize with Ms. A.

11. Rather than punishing Ms. A for her violent and abusive conduct toward Lorenzo, the Defendant *moved Lorenzo* from Pavilion 6 to Pavilion 2, a transfer Lorenzo neither requested nor wanted. At Pavilion 2 Lorenzo was again the only Filipino among a predominantly African-American staff; her treatment in Pavilion 2 was little better, if at all, than her treatment in Pavilion 6; other staff were given preferential treatment for their work schedules and break times; and, the Pavilion 6 Director of Nursing continued to publicly disparage Lorenzo, making derogatory statements about Lorenzo at the MMH Administration Building.

12. Finding no hope or help from the Defendant, in February, 2022, Lorenzo tried to change careers; rather than working for the Defendant as a Mental Health Tech, Lorenzo began

training to be a Security Officer at MMH; on February 16, 2022 Lorenzo began at the Crisis Prevention Institute.

13. Lorenzo completed her classroom training to become a Security Officer, after which she was placed at MMH in the position of Security Officer Trainee; in this position, Lorenzo follows and observes Security Officers as they perform their work. Until she completes her training and is certified, Lorenzo "shadows" the more experienced officers and is not permitted to "get in front" of patients to control or restrain them; this work is limited to the certified Security Officers.

14. Soon after beginning work as a trainee "in the field," Lorenzo found that the hostile and discriminatory environment of MMH permeated her new department. Once again the only Filipina/Filipino, Lorenzo was also the only female trainee or officer.

15. Lorenzo was regularly assigned to work with Security Officer "B," who was responsible for both training Lorenzo and for evaluating her performance; without Security Officer B's approval and recommendation to the Chief of Security, Lorenzo cannot graduate from "trainee" and be hired as a full Security Officer.

16. Security Officer B has on numerous occasions made statements to and about Lorenzo, yelling "you are going to fail" and saying that Lorenzo refuses to correctly perform the duties of a security officer, an accusation that is not only false but contrary to the training rules and protocols that apply to a person in Lorenzo's trainee position. Lorenzo has personally heard Security Officer B make these statements about her to the Chief of Security.

17. Security Officer B's comments have had a direct and adverse impact on Lorenzo's training and progress at MMH. She has been held back as a trainee and Lorenzo has been refused the overtime that she sought, even though other trainees were given the ability to work additional hours for the additional pay.

18. The Defendant has acted with malice, willfulness, or reckless indifference to

Lorenzo's rights; the conduct alleged herein was willful and wanton and justifies an award of punitive damages.

19. As a direct and proximate result of the above acts of the Defendant, Lorenzo has suffered damages, including but not limited to, emotional and physical pain and mental suffering.

20. Lorenzo's career and reputation have been damaged as a result of Defendant's unlawful conduct.

21. The actions of the Defendant against Lorenzo have caused her lost wages and benefits, as well as future pecuniary losses.

22. Lorenzo suffered embarrassment and humiliation as a result of the Defendant's unlawful conduct. Lorenzo suffered loss of enjoyment of life, inconvenience, and other non-pecuniary losses as a direct result of Defendant's unlawful conduct.

## COUNT I: TITLE VII DISCRIMINATION

23. Lorenzo re-alleges and re-affirms the allegations set forth above in paragraphs 1 through 24.

24. Title VII makes it unlawful to discriminate against or harass any individual in the terms, conditions, or privileges of employment, on the basis of race.

25. Lorenzo is an "employee" as defined by 42 U.S.C. § 2000e-1(f).

26. Defendant is a covered "employer" as defined by 42 U.S.C. § 2000e-1(b).

27. By the conduct as alleged herein, which included threats, a hostile environment adverse treatment in assignment, Defendant subjected Lorenzo to race discrimination inviolation of Title VII.

**WHEREFORE**, Lorenzo respectfully prays that this Court enter judgment in her favor and against Defendant and that this Honorable Court:

1. Declare that Defendant's acts and conduct constitute unlawful discrimination under

5

        Title VII;

2. Award Lorenzo the value of all compensation and benefits lost and as a result of the unlawful conduct;

3. Award Lorenzo the value of all compensation and benefits she will lose in the future as a result of the unlawful conduct;

4. Award Lorenzo compensatory damages;

5. Award Lorenzo damages for emotional distress;

6. Award Lorenzo damages for mental and physical injury;

7. Award the Lorenzo pre and post judgment interest;

8. Award reasonable attorneys' fees, costs, and disbursements; and

9. Order such other and further relief as this Honorable Court deems appropriate and just.

### COUNT II: TITLE VII RETALIATION

30. Lorenzo herein re-alleges and re-affirms the allegations set forth above in paragraphs 1through 24.

31. Title VII makes it unlawful for an employer to retaliate against an employee who opposes discrimination or has assisted or participated, in any manner, in another employee's complaint of discrimination. 42 U.S.C. § 2000e-3.

32. By the conduct alleged herein, Defendant subjected Lorenzo to unlawful retaliation for complaining of unlawful treatment, in violation of Title VII.

**WHEREFORE**, Lorenzo respectfully prays that this Court enter judgment in her favor and against Defendant and that this Honorable Court:

1. Declare that Defendant's acts and conduct constitute unlawful discrimination under Title VII;

2. Award Lorenzo the value of all compensation and benefits lost and as a result of the

       unlawful conduct;

3. Award Lorenzo the value of all compensation and benefits she will lose in the future as a result of the unlawful conduct;

4. Award Lorenzo compensatory damages;

5. Award Lorenzo damages for emotional distress;

6. Award Lorenzo damages for mental and physical injury;

7. Award the Lorenzo pre and post judgment interest;

8. Award reasonable attorneys' fees, costs, and disbursements; and

9. Order such other and further relief as this Honorable Court deems appropriate and just.

<u>JURY DEMAND</u>: Lorenzo demands trial by jury for all issues pled in this Second Amended Complaint so triable.

                                      **JOCELYN R. LORENZO**

                                      **By:** <u>/s/ Gregory A. Bedell</u>
                                             One of her attorneys

Gregory A Bedell, Esq. (ARDC #6189762)
Knabe & Bedell
33 North Dearborn Street
10th Floor
Chicago, Illinois 60602
312.977.9119
gbedell@kkm-law.com