UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jocelyn R. Lorenzo, | |
| Plaintiff, | No. 21 C 5543 |
| v. | |
| Illinois Department of Human Services, | Judge Charles P. Kocoras |
| Defendant. | |
| | Magistrate Judge Heather K. McShain |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Illinois Department of Human Services ("DHS"), by and through its attorney, Kwame Raoul, submit its Answer, Jury Demand, and Affirmative Defenses to Plaintiff's Second Amended Complaint as follows.

### VENUE AND JURISDICTION

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3), as Lorenzo's claims are based on Title VII of the Civil Rights Act, 42 U.S.C. §2000e. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to this action are harming Lorenzo in this District.

**ANSWER: Defendant admits that jurisdiction and venue are proper. Defendant denies harming Plaintiff and further denies violating Plaintiff's rights in any way.**

### PARTIES

2.      Lorenzo is an individual residing in, and a citizen of, the State of Illinois, County of Cook.

**ANSWER: Defendant admits that Plaintiff's last known information indicates she is a resident of the State of Illinois, County of Cook.**

3.      Defendant DHS is a department of the executive branch of the State of Illinois, created by statute, 20 ILCS 5/5-15.

**ANSWER: Defendant admits the allegations set forth in Paragraph 3.**

1

## GENERAL FACTUAL ALLEGATIONS

4.      Born in the city of Manila, the Philippines, Lorenzo is of Asian descent. Lorenzo has become an American citizen.

**ANSWER: Defendant admits that Plaintiff is of Asian descent. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.**

5.      Lorenzo holds a Bachelor of Science degree in nutrition. Lorenzo has been a public servant working for the DHS since 2018; most of her work has been as a mental health technician. Recently, as more fully explained below, Lorenzo has been transitioning to working as a security officer in DHS facilities, having completed the requisite written training; Lorenzo is currently a Security Trainee at the DHS's Madden Mental Health Center in Maywood, Illinois ("MMH").

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to whether "Lorenzo holds a Bachelor of Science degree in nutrition." Defendant admits that Plaintiff has been a public servant employed with DHS since 2018. Defendant admits that Plaintiff has been employed with DHS as a mental health technician. Defendant DHS admits that Plaintiff has completed the "requisite written training" to work as a security officer. Defendant admits that Plaintiff is currently employed at MMH. Defendant denies that Plaintiff holds a position titled, "Security Trainee."**

6.      Lorenzo began her career with DHS in its Elgin, Illinois facility, working there from 2018 until around August, 2020, when, as a single mother of three boys, the commute to Elgin proved too much; she then transferred to MMH.

**ANSWER: Defendant admits that Plaintiff began employment with DHS in Elgin, and transferred to MMH in August 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.**

7.      MMH is physically and administratively separated by its buildings or "pavilions." When Lorenzo started at MMH the Defendant placed her as a "Mental Health Tech, I" in Pavilion 6; she later took and passed the exam to become a "Mental Health Tech, II." This job required

Lorenzo to have direct contact with MMH patients, including helping with meals and activities and, generally, interacting with the patients to provide the needed human contact.

**ANSWER: Defendant admits the allegations set forth in Paragraph 7.**

8.      In Pavilion 6, Lorenzo was the only Filipino worker; the staff was predominantly African-Americans. Almost from the beginning of her tenure in Pavilion 6, Lorenzo was subject to a hostile and discriminatory work environment; Lorenzo was ostracized by the other staff on her shifts; she was forced to do a disproportionate amount of work; and she was subjected verbal abuse.

**ANSWER: Defendant denies the allegations set forth in Paragraph 8.**

9.      In May, 2021, Lorenzo's situation went from bad to worse. One of Lorenzo's coworkers, "Ms. A," followed Lorenzo into the bathroom and kicked at the door of the stall Lorenzo was using; the co-worker also yelled curses at her, calling her among other things an "f ------ bitch;" Ms. A's tirade continued in front of co-workers and patients in the Dayroom. Lorenzo was devastated by the event and, as a result, filed an incident report with MMH's Chief of Security; Lorenzo ultimately filed a formal complaint with the Defendant.

**ANSWER: Defendant denies the first and second sentences of Paragraph 9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether "Lorenzo was devastated by the event." Defendant admits that Plaintiff filed an incident report in May 2021. Defendant admits that Plaintiff submitted a complaint identified as a "formal complaint."**

10.     About two weeks later, rather than address the perpetrator of the bathroom incident, Lorenzo's direct supervisor and the Director of Nursing for Pavilion 6 called Lorenzo into a conference room where they berated her for creating trouble for Ms. A; they demanded that Lorenzo withdraw the incident report and threatened Lorenzo with insubordination if she refused. In the face of her supervisors' threats and intimidation, Lorenzo refused to withdraw her complaint against Ms. A. Lorenzo is informed and believes that her supervisors ganged up against her because they are friends and socialize with Ms. A.

**ANSWER: Defendant admits "Lorenzo's direct supervisor and the Director of Nursing for Pavilion 6" had a meeting with Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of  what Plaintiff is "informed and believes."  Defendant denies the remaining allegations in Paragraph 10.**

11.     Rather than punishing Ms. A for her violent and abusive conduct toward Lorenzo, the Defendant *moved Lorenzo* from Pavilion 6 to Pavilion 2, a transfer Lorenzo neither requested nor wanted. At Pavilion 2 Lorenzo was again the only Filipino among a predominantly African-American staff; her treatment in Pavilion 2 was little better, if at all, than her treatment in Pavilion 6; other staff were given preferential treatment for their work schedules and break times; and, the Pavilion 6 Director of Nursing continued to publicly disparage Lorenzo, making derogatory statements about Lorenzo at the MMH Administration Building.

**ANSWER: Defendant admits that Plaintiff was moved from Pavilion 6 to Pavilion 2. Defendant admits that Plaintiff did not request this move, but denies that Plaintiff did not want the move. Defendant denies that "[a]t Pavilion 2 Lorenzo was again the only Filipino among a predominantly African-American staff." Defendant denies the remaining factual and legal conclusions set forth in Paragraph 11.**

12.     Finding no hope or help from the Defendant, in February, 2022, Lorenzo tried to change careers; rather than working for the Defendant as a Mental Health Tech, Lorenzo began training to be a Security Officer at MMH; on February 16, 2022 Lorenzo began at the Crisis Prevention Institute.

**ANSWER: Defendant admits that, beginning February 16, 2022, Plaintiff began training to be a Security Officer at MMH. Defendant denies the remaining allegations in Paragraph 12.**

13.     Lorenzo completed her classroom training to become a Security Officer, after which she was placed at MMH in the position of Security Officer Trainee; in this position, Lorenzo follows and observes Security Officers as they perform their work. Until she completes her training and is certified, Lorenzo "shadows" the more experienced officers and is not permitted to "get in front" of patients to control or restrain them; this work is limited to the certified Security Officers.

**ANSWER: Defendant admits that Plaintiff completed her "classroom training" for the Security Officer position and was placed at MMH in the position of Security Officer. Defendant denies the remaining allegations set forth in Paragraph 13.**

14.     Soon after beginning work as a trainee "in the field," Lorenzo found that the hostile and discriminatory environment of MMH permeated her new department. Once again the only Filipina/Filipino, Lorenzo was also the only female trainee or officer.

**ANSWER: Defendant denies the factual and legal conclusions set forth in the first sentence of Paragraph 14. Defendant admits that Plaintiff was the only Filipina/Filipino in training, but denies she "was also the only female trainee or officer."**

15.     Lorenzo was regularly assigned to work with Security Officer "B," who was responsible for both training Lorenzo and for evaluating her performance; without Security Officer B's approval and recommendation to the Chief of Security, Lorenzo cannot graduate from "trainee" and be hired as a full Security Officer.

**ANSWER: Defendant lacks knowledge as to the identity of "Security Officer 'B'". Defendant denies the remaining allegations set forth in Paragraph 15.**

16.     Security Officer B has on numerous occasions made statements to and about Lorenzo, yelling "you are going to fail" and saying that Lorenzo refuses to correctly perform the duties of a security officer, an accusation that is not only false but contrary to the training rules and protocols that apply to a person in Lorenzo's trainee position. Lorenzo has personally heard Security Officer B make these statements about her to the Chief of Security.

**ANSWER: Defendant denies the allegations set forth in the first sentence of Paragraph 16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16.**

17.     Security Officer B's comments have had a direct and adverse impact on Lorenzo's training and progress at MMH. She has been held back as a trainee and Lorenzo has been refused the overtime that she sought, even though other trainees were given the ability to work additional hours for the additional pay.

**ANSWER: Defendant denies the allegations set forth in Paragraph 17.**

18.     The Defendant has acted with malice, willfulness, or reckless indifference to Lorenzo's rights; the conduct alleged herein was willful and wanton and justifies an award of punitive damages.

**ANSWER: Defendant denies the factual and legal conclusions set forth in Paragraph 18.**

19.     As a direct and proximate result of the above acts of the Defendant, Lorenzo has suffered damages, including but not limited to, emotional and physical pain and mental suffering.

**ANSWER: Defendant denies the allegations set forth in Paragraph 19.**

20.     Lorenzo's career and reputation have been damaged as a result of Defendant's unlawful conduct.

**ANSWER: Defendant denies the allegations set forth in Paragraph 20.**

21.     The actions of the Defendant against Lorenzo have caused her lost wages and benefits, as well as future pecuniary losses.

**ANSWER: Defendant denies the allegations set forth in Paragraph 21.**

22.     Lorenzo suffered embarrassment and humiliation as a result of the Defendant's unlawful conduct. Lorenzo suffered loss of enjoyment of life, inconvenience, and other nonpecuniary losses as a direct result of Defendant's unlawful conduct.

**ANSWER: Defendant denies the allegations set forth in Paragraph 22.**

## COUNT I: TITLE VII DISCRIMINATION

23.     Lorenzo re-alleges and re-affirms the allegations set forth above in paragraphs 1 through 24.

**ANSWER: Defendant re-asserts and incorporates its answers to Paragraphs 1 through 22 as if fully set forth herein.**

24.     Title VII makes it unlawful to discriminate against or harass any individual in the terms, conditions, or privileges of employment, on the basis of race.

**ANSWER: Defendant denies that the legal conclusion  set forth in Paragraph 24.**

25.     Lorenzo is an "employee" as defined by 42 U.S.C. § 2000e-1(f).

**ANSWER: Defendant denies the allegations set forth in Paragraph 25.**

26.     Defendant is a covered "employer" as defined by 42 U.S.C. § 2000e-1(b).

**ANSWER: Defendant denies the allegations set forth in Paragraph 26.**

27.     By the conduct as alleged herein, which included threats, a hostile environment adverse treatment in assignment, Defendant subjected Lorenzo to race discrimination in violation of Title VII.

**ANSWER: Defendant denies the allegations set forth in Paragraph 27.**

**WHEREFORE**, Lorenzo respectfully prays that this Court enter judgment in her favor and against Defendant and that this Honorable Court:

> 1. Declare that Defendant's acts and conduct constitute unlawful discrimination under Title VII;
> 2. Award Lorenzo the value of all compensation and benefits lost and as a result of the unlawful conduct;
> 3. Award Lorenzo the value of all compensation and benefits she will lose in the future as a result of the unlawful conduct;
> 4. Award Lorenzo compensatory damages;
> 5. Award Lorenzo damages for emotional distress;
> 6. Award Lorenzo damages for mental and physical injury;
> 7. Award the Lorenzo pre and post judgment interest;
> 8. Award reasonable attorneys' fees, costs, and disbursements; and
> 9. Order such other and further relief as this Honorable Court deems appropriate and just.

**ANSWER: Defendant denies that Defendant violated Plaintiff's rights in any way and denies that Plaintiff is entitled to any relief in this matter.**

## COUNT II: TITLE VII RETALIATION

30.     Lorenzo herein re-alleges and re-affirms the allegations set forth above in paragraphs 1through 24.

**ANSWER: Defendant re-asserts and incorporates its answers to Paragraphs 1 through 22 as if fully set forth herein.**

31.     Title VII makes it unlawful for an employer to retaliate against an employee who opposes discrimination or has assisted or participated, in any manner, in another employee's complaint of discrimination. 42 U.S.C. § 2000e-3.

**ANSWER: Defendant denies that the legal conclusions  contained in Paragraph 31 accurately state the unlawful employment practices set forth in 42 U.S.C. § 2000e-3.**

32.     By the conduct alleged herein, Defendant subjected Lorenzo to unlawful retaliation for complaining of unlawful treatment, in violation of Title VII.

**ANSWER: Defendant denies the allegations set forth in Paragraph 32.**

**WHEREFORE**, Lorenzo respectfully prays that this Court enter judgment in her favor and against Defendant and that this Honorable Court:

1. Declare that Defendant's acts and conduct constitute unlawful discrimination under Title VII;
2. Award Lorenzo the value of all compensation and benefits lost and as a result of the unlawful conduct;
3. Award Lorenzo the value of all compensation and benefits she will lose in the future as a result of the unlawful conduct;
4. Award Lorenzo compensatory damages;
5. Award Lorenzo damages for emotional distress;
6. Award Lorenzo damages for mental and physical injury;
7. Award the Lorenzo pre and post judgment interest;
8. Award reasonable attorneys' fees, costs, and disbursements; and
9. Order such other and further relief as this Honorable Court deems appropriate and just.

**ANSWER: Defendant denies that Defendant violated Plaintiff's rights in any way and denies that Plaintiff is entitled to any relief in this matter.**

JURY DEMAND: Lorenzo demands trial by jury for all issues pled in this Second Amended Complaint so triable.

**ANSWER: Defendant admits that Plaintiff seeks a jury trial for all issues so triable.**

## DEFENDANT'S JURY DEMAND

**Defendant demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.**

## AFFIRMATIVE DEFENSES

1.      Defendant's treatment of Plaintiff was based on legitimate business and state-mandated reasons wholly unrelated to Plaintiff's alleged protected activity.

2.      Defendant would have taken the same actions against Plaintiff in the absence of any protected status.

3.      Defendant had legitimate, non-discriminatory reasons for its employment decisions concerning Plaintiff.

4.      Plaintiff's Title VII claims are barred to the extent she failed to exhaust her administrative remedies.

5.      Defendant exercised reasonable care to prevent and correct promptly any harassing behavior and the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities that were provided.

September 22, 2022                                        Respectfully submitted,

                                                          KWAME RAOUL
                                                          Illinois Attorney General

Abigail R. Durkin
Assistant Attorney General
Office of the Illinois Attorney General        By: */s/ Abigail R. Durkin*
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601-3397
(872) 276-3621
*abigail.durkin@ilag.gov*