UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jocelyn R. Lorenzo, <br><br>    Plaintiff, <br><br>v. <br><br>Illinois Department of Human Services, <br><br>    Defendant. | No. 21 C 5543 <br><br> Judge Nancy L. Maldonado <br><br> Magistrate Judge Heather K. McShain |

**DEFENDANT'S UNOPPOSED MOTION FOR ENTRY OF AN
AGREED PROTECTIVE ORDER**

Defendant, Illinois Department of Human Services ("IDHS"), by and through its attorney, moves pursuant to Federal Rule of Civil Procedure 26(c) for entry of a protective order.

1. On September 8, 2022, Plaintiff filed a Second Amended Complaint alleging, *inter alia*, race discrimination and retaliation in violation of Title VII. ECF No. 38, Second Amended Complaint.

2. Plaintiff is currently employed by DHS, and previously held the position of mental health technician. *Id.* ¶ 7. Plaintiff alleges this job required her to have "direct contact with MMH patients." *Id*.

3. Accordingly, Defendant anticipates that discovery may include information concerning investigations or investigatory materials that encompass information concerning non-parties, including DHS patients and other DHS employees. Defendant DHS is required to maintain information concerning such patients and their treatment as confidential.

4. "In order to protect the legitimate privacy interests of litigants and non-parties, Federal Rule of Civil Procedure 26(c) allows a court to enter a protective order for good cause shown." *Smith v. City of Chi*., No. 04 C 2710, 2005 U.S. Dist. LEXIS 26454, at *2 (N.D. Ill. Oct.

1

31, 2005). The Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

5. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab. Ctr., LLC, No*. 11 C 2433, 2012 U.S. Dist. LEXIS 98085, at *4 (N.D. Ill. July 16, 2012) (citation omitted). "When making a good cause determination, a district court may consider 'privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official.'" *Id.* at *4–5 (citation omitted).

6. In order to preserve the confidentiality of sensitive information about the parties and third parties, Defendant respectfully requests that this Court enter the proposed Agreed Confidentiality Order.

7. Defendant used the Court's Form Model Confidentiality Order pursuant to LR 26.2 as a template and made case-specific changes for this litigation. Counsel for Plaintiff had no objections to Defendant's proposed Confidentiality Order, and has no objections to this Motion.

8. A copy of the proposed Confidentiality Order will be provided to the Court's proposed order electronic mailbox.

9. Accordingly, Defendant respectfully requests that the Court enter the Proposed Agreed Confidentiality Order.

    Respectfully submitted,

    KWAME RAOUL
    Illinois Attorney General

    By: */s/ Abigail R. Durkin*

    Abigail R. Durkin

Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601-3397
(872) 276-3621
*abigail.durkin@ilag.gov*

Attorney for Defendant